GULF, C. & S. F. RY. CO. v. CLEMENTS.
(No. 5877.)

(Court of Civil Appeals of Texas. Austin.
Feb. 7, 1918. Rehearing Denied
March 27, 1918.)

1. CARRIERS ⟨⟩230(4) — INJURY TO LIVE STOCK—ACTIONS—QUESTION FOR JURY.

In an action against a carrier to recover damages for injuries resulting to live stock in shipment, where there was a sharp conflict in the testimony as to their condition when shipped, the question of negligence of carrier in transit must be submitted to the jury.

2. TRIAL ⟨⟩139(1) — QUESTION FOR JURY — WEIGHT OF EVIDENCE.

Though it is the duty of the trial judge to set aside a verdict when it is contrary to the great preponderance of the testimony, that rule does not affect the primary right to have the case submitted to the jury.

3. APPEAL AND ERROR ⟨⟩719(10)—REVIEW—NECESSITY OF ASSIGNMENT OF ERROR.

The action of the trial court in refusing to set the verdict aside cannot be reviewed, where not raised by an assignment of error.

Appeal from Coryell County Court; H. E. Bell, Judge.

Suit by J. S. Clements against the Gulf, Colorado & Santa Fé Railway Company. Judgment for plaintiff, and defendant appeals. Affirmed.

Sadler & Cobb, of Gatesville, and Terry, Cavin & Mills and F. J. Wren, all of Ft. Worth, for appellant. John P. Dewald, of Pendleton, for appellee.

KEY, C. J. This is a suit for damages alleged to have been caused by the railroad company by improper and rough handling of a shipment of cattle from Ft. Worth to Copperas Cove. Verdict and judgment were rendered for the plaintiff, and the defendant has appealed.

The first assignment of error complains of

the action of the trial court in refusing to give a requested instruction directing a verdict for the defendant. The first proposition submitted under that assignment is that when a shipment of live stock is transported with ordinary care, and with reasonable diligence, if the live stock sustains injuries, it will be attributable solely to the inherent nature or proper vice of the animals, and not chargeable to the carrier. The undisputed proof shows that some of the animals shipped died before the shipment reached its destination, and that others were seriously injured when they were delivered to the consignee at Copperas Cove.

[1] The plaintiff produced one witness, a Mr. Hunnicutt, who purchased the cattle in Ft. Worth and had them shipped, and he testified that while they were not fat, but thin, they were in reasonably good condition, and, in his opinion, could have made the trip from Ft. Worth to Copperas Cove without injury, if they were properly handled and cared for.

The defendant introduced three witnesses who inspected the cattle and loaded them on the train at Ft. Worth, who gave testimony to the contrary of that given by Mr. Hunnicutt, and stated that the cattle were very poor and thin; that some of them fell down while being loaded and had to be helped up; and that the entire lot was not fit for shipment.

Defendant also introduced the testimony of all the trainmen who handled the shipment from Ft. Worth to Copperas Cove, and that each and all testified that the shipment was carefully handled while in their control. If when the cattle were delivered to the defendant, they were in the condition described by Mr. Hunnicutt, they were not in the bad condition described by the defendant's witnesses, and therefore, as the undisputed proof shows that they were in a very bad condition and seriously injured when they reached their destination, the jury had the right to conclude that such injuries were caused by improper handling en route. This shows that there was conflict in the testimony, and therefore it would have been improper for the court to have directed a verdict for the defendant.

[2, 3] Appellant's other proposition is that, as it was shown by the great preponderance of the evidence that the cows when delivered to it were in a weak, thin, and emaciated condition, and that it was guilty of no negligence in handling the shipment, it was entitled to an instructed verdict. That proposition is contrary to the law as established by decisions of our Supreme Court.

It has often been held that wherever there is conflict in the testimony, it is the duty of the trial court to submit the case to the jury. This is the law as established by the decisions of our Supreme Court, although the same court has frequently said that, in considering a motion for new trial, it is the duty of a trial judge to set aside the verdict when, in his opinion, it is contrary to the great preponderance of the testimony. But that rule does not affect the primary right to have the case submitted to a jury. The same court, and other appellate courts, have held that a different rule prevails when an appellate court is asked to set aside a verdict where the record shows conflicting testimony; and it is generally held that such relief will not be granted, unless it appears that the verdict is so contrary to the overwhelming weight of the testimony as to indicate that the jury was influenced by some improper motive, or that gross injustice has been done. We are not called upon to determine whether or not this case belongs in that class, because no assignment of error has been presented complaining of the action of the trial court in refusing to set the verdict aside.

Some other questions are presented in appellant's brief, and have received due consideration at the hands of this court, with the result that all of them are decided against appellant.

No reversible error has been assigned, and the judgment is affirmed.

Affirmed.